LEBERING (KETLAND v.). See Case No. 7,744.

LECKIE (FOYE v.). See Case No. 5,023.

LECKIE (UNITED STATES v.). See Case No. 15,583.

LECLERCQ (BENN v.). See Case No. 1,308.

---

## Case No. 8,175.

### LEDGERWOOD et al. v. PICKETT'S HEIRS.

[1 McLean, 143.][1]

Circuit Court, D. Kentucky. Nov. Term, 1831.

ERROR CORAM NOBIS — DEMISE EXTENDED AFTER JUDGMENT—NOTICE TO THOSE IN POSSESSION —COMMON FORM OF REMEDY.

1. A writ of error coram nobis is issued by a court, to reverse its own judgment.

2. A demise may be extended after the judgment in the ejectment, so as to enable the plaintiff to realize the benefit of his judgment. But this should never be done without notice to the persons in possession, who may show cause why the amendment should not be allowed.

3. If a demise be extended without notice, those who are prejudiced by the order, should be heard on a writ of error or by motion, and the amendment should be set aside if injurious to their interests.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. This remedy is generally given on motion, a notice having been served on the opposite party.

[Cited in Shuford v. Cain, Case No. 12,823.]

[This was an action at law by Samuel Ledgerwood and others against Pickett's heirs.]

Mr. Mills, for plaintiffs.
Mr. Wickliffe, for defendants.

OPINION OF THE COURT. In 1798 a judgment was obtained in favor of Pickett for a certain tract of land, but no writ of possession was issued on the judgment. The demise in the declaration was laid at ten years, and expired in 1808. Twenty-two years after this, a notice was served by the attorney for the devisees of Pickett on William Mitchell, that the court would be moved to amend the demise by inserting a new one; and at the ensuing May term, 1830, the demise was amended, on motion, by extending it to fifty years. Mitchell on whom the notice was served had no interest in the premises, and they had passed to the present occupants by sundry conveyances, none of whom hold as the heirs of Pickett. After the extension of the demise a writ of possession was taken out, and the terre tenants were about to be turned out of possession, without notice. To arrest this proceeding and reverse the order to amend the demise, this writ of error was brought. This writ which is issued by a court to reverse its own judgment, is called in England a writ of error coram nobis, and such is its title as used in the state courts of this state; but when used in the circuit courts of the United States, it may properly be denominated a writ of error coram vobis; as the writ is issued in the name of the president of the United States, and is tested in the name of the chief justice. The writ has grown out of use in England, and is seldom issued in the practice of the state courts. In this state, however, its use is still continued, and for the purposes of the present case, may be considered as bringing the question of the amendment of the demise before the court. Indeed it is a matter of no importance whether this proceeding be considered, technically on a writ of error or on motion. The latter would conform more to the modern practice, and would seem to be a less objectionable mode than by a writ of error, where the object is not to reverse a formal judgment, but an order of the court. This extension of the demise was permitted without opposition, and as a matter of course under the practice which has been observed in this court since the opinion of the supreme court in the case of Walden v. Craig, 9 Wheat. [22 U. S.] 576. In that case the demise was laid at ten years from August, 1789; in 1800 judgment was rendered for the plaintiff in the ejectment, and a writ of possession was awarded. Injunctions were obtained from time to time until April, 1813. At November term, 1821, Walden moved the court to extend the demise, on which motion the judges

were divided and the motion consequently failed. A writ of error was prosecuted to reverse this decision. In their opinion, the supreme court say: "There is peculiar reason for the amendment in this case, where the cause has been protracted and the plaintiff kept out of possession beyond the term laid in the declaration, by the excessive delays practised by the opposite party. The cases cited by the plaintiff's counsel in argument are, we think, full of authority for the amendment which was asked in the circuit court, and we think the motion ought to have prevailed." Cro. Jac. 440; 1 Salk. 47; 2 Strange, 307; 2 Burrrows, 1159 [U. S. v. The Peggy] 1 Cranch [5 U. S.] 110. But the court dismissed the writ of error, on the ground that it would not lie to a decision of a motion to amend, which was a matter within the discretion of the circuit court.

In pursuance of the practice of this court, sanctioned by the supreme court, there can be no doubt of the power to extend the demise, but it is very clear, that such a power should not be exercised, except on notice to all persons whose interests may be affected by the amendment. The present case is a strong one to illustrate the propriety and indeed necessity of notice. It is probable that some of the persons in possession, may plead the statute of limitations; and others, perhaps, claim under different, if not paramount titles to that of the plaintiff in the ejectment. Indeed it is manifest from the facts in this case, that great injustice will be done, unless this writ of possession shall be set aside. It may be difficult to fix the limit within which the demise may be extended, but it is clear that in this summary way the rights of no individual should be prejudiced, without notice, and an ample opportunity given of showing cause why the amendment should not be granted. And as the amendment complained of was inadvertently granted, without notice, it is reversed and the writ of possession set aside.

[NOTE. The case was taken to the supreme court upon writ of error sued out by the defendants, and was there heard upon motion of the plaintiffs (defendants in the court above) to quash the writ of error upon two grounds, the first of which was merely technical. The second was, as stated by Mr. Justice Johnson, who delivered the opinion, "upon the ground that it is an exercise of jurisdiction in the court below which does not admit of revision in this tribunal; that it is but a different form or mode of exercising the power of the court of the first resort over its own acts, and is therefore subject to the same exceptions which have always been sustained in this court against revising the interlocutory acts and orders of the inferior courts." In speaking of the writ coram nobis, says the learned justice: "In general, and in the practice of most of the states, this remedy is nearly exploded, or at least superseded by that of amending on motion. The cases in which it is held to be the appropriate remedy will show that it will work no failure of justice, if we decide that it is not one of those remedies over which the supervising power of this court is given by law. The writ of error in this case was but a substitute for a motion to the court below to correct an error of its own, in granting improvidently a motion for leave to amend." It is after taking this view of the law

that the learned justice decides the case to come within the rule of Walden v. Craig, 7 Pet. (32 U. S.) 144.]