Nov. Term, 1840.

Lowe
v.
Bowman.

*J. B. Niles, C. Fletcher,* and *O. Butler,* for the appellant.

*J. H. Bradley,* for the appellees.

---

## Lowe v. Bowman, Administrator.

Action of assumpsit by the administrator of *Thomas Newman,* deceased. Two counts; 1. For work and labour, goods sold and delivered, and money paid, by the intestate, and for money had and received to the use of the intestate; 2. For goods sold and delivered and money paid by the plaintiff as administrator of the intestate, and for money had and received to the use of the plaintiff as administrator as aforesaid. Pleas, 1st, the general

issue; 2dly, payment to the intestate. *Held*, that there was no misjoinder of counts. *Held*, also, that under the pleadings, the representative character of the plaintiff was admitted. *Held*, also, that a promissory note by the defendant payable to *T. T. Newman* was admissible evidence; and that the plaintiff's possession of such note was sufficient evidence, *prima facie*, that it was payable to the intestate.

Nov. Term,
1840.

LOWE
v.
BOWMAN.

ERROR to the *Carroll* Circuit Court.

*Wednesday,
November* 25.

BLACKFORD, J.—This was an action of indebitatus assumpsit brought by *Joseph Bowman*, administrator of *Thomas Newman*, deceased. The declaration contains two counts. The first is for work and labour, goods sold and delivered, and money paid, by the intestate, and for money had and received to the use of the intestate; promise to the intestate. The second count is for goods sold and delivered, and money paid, by the plaintiff as administrator of the intestate, and for money had and received by the defendant to the use of the plaintiff as such administrator; promise to the plaintiff as administrator as aforesaid. Pleas, 1. Non assumpsit; 2. Payment to the intestate. Replication in denial of the second plea. Verdict for the plaintiff. Motion for a new trial overruled; and judgment on the verdict.

The defendant contends that the counts in the declaration could not be joined; but in that he is obviously mistaken. The money recovered on the second count would be assets, and the claims in the two counts are therefore in the same right. 1 Chitt. Pl. 22.—2 Leigh's N. P. 999.

The defendant further contends that there was no evidence that the plaintiff was administrator. Under the pleadings, however, the representative character of the plaintiff was admitted. 2 Stark. Ev. 315.

The last objection is, that a new trial should have been granted, because illegal testimony was admitted, and because the evidence did not authorize the verdict.

The evidence in the cause was three promissory notes executed by the defendant, and made payable to *T. T. Newman* or bearer. Their admission was objected to on the ground of variance between the name of the intestate inserted in the declaration, and that of the payee shown by the notes; but the objection was properly overruled. The case comes within the rule established in the cases of *Lasselle* v. *Hewson*, and *Taylor* v. *Coquillard*, *May* term, 1839. To the

Nov. Term, 1840.

objection as to the sufficiency of the evidence, it might be answered that, according to the bill of exceptions, the notes were proved to have been executed by the defendant; from which we must understand that they were proved to have been executed to the intestate as stated in the declaration. But we do not rest upon that answer to the objection. We consider that the plaintiff's possession of the notes, payable on their face to *T. T. Newman*, was sufficient evidence, *prima facie*, that they were payable to *Thomas Newman*, the plaintiff's intestate. *Taylor* v. *Coquillard, May* term, 1839.— *Ramsay et al.* v. *Herndon, May* term, 1840.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*A. Ingram, Z. Baird, C. Fletcher*, and *O. Butler*, for the plaintiff.

*A. S. White* and *R. A. Lockwood*, for the defendant.