*Nov. Term, 1851.*

RUNDLES
v.
JONES.

*J. S. Newman* and *J. P. Siddall,* for the plaintiffs.

*O. P. Morton,* for the defendant.

(1) See *Henry* v. *Scott,* May Term, 1852, *post.*

$$\left. \begin{array}{cc} 3 & 35 \\ 128 & 259 \end{array} \right.$$
$$\left. \begin{array}{cc} 3 & 35 \\ 164 & 250 \end{array} \right\}$$

---

RUNDLES and Another, Executors, *v.* JONES.

The assignment of errors by the executor of a judgment-plaintiff, should contain an averment of the matter which makes the executor privy to the judgment, and establishes his right to sue; otherwise, the assignment will be objectionable on demurrer.

The plea *in nullo est erratum* to the assignment of errors of an executor, admits his representative character.

The authority of an attorney at law determines by the death of his client.

Before the rendition of judgment upon the verdict for the plaintiff in slander, the defendant moved for a new trial. The Court took the motion under advisement, and continued the cause until the next term. The record of such next term showed that the defendant then came and suggested the death of the plaintiff, since the preceding term of the Court; and that the attorneys of record of the plaintiff also came, and agreed to remit a specified part of the verdict, in consideration of which the defendant agreed that the Court, without a decision of the motion, should

Nov. Term, 1851.

RUNDLES
v.
JONES.

render judgment for the residue of the verdict; which the Court there-upon did. *Held,* that the record did not establish that the plaintiff was dead, when the judgment was rendered.

The facts that errors of law were assigned in the Supreme Court by the executors of the plaintiff below, and that they were pleaded to by the defendant, furnish no evidence that the plaintiff below was dead when the judgment was rendered in the Circuit Court.

Tuesday,
November 25.

ERROR to the *Allen* Circuit Court.

PERKINS, J.—*Matthew P. Montgomery* sued *Joseph Jones* in an action of slander. The cause was tried by a jury, at the *February* term, 1848, upon the general issue, and the plaintiff obtained a verdict of 900 dollars. The defendant interposed a motion for a new trial, the motion was taken under advisement by the Court, and the cause continued to the next succeeding term. Afterwards, at the *October* term, 1848, the record states that the following proceedings were had : "Comes now the said defendant, and suggests the death of the said *Matthew P. Montgomery* since the last term of this Court; and the attorneys of record of the said plaintiff also come, and agree to remit, and hereby do remit, 700 dollars from the amount of the verdict heretofore rendered in this cause; in consideration whereof the said defendant hereby agrees that the Court shall, without a decision of the motion now under the consideration of the Court, render a judgment in this cause against him for 200 dollars, upon this agreement. It is therefore considered by the Court that said plaintiff do have and recover from said defendant the sum of 200 dollars, and his costs and charges," &c. The record of proceedings below here terminates.

On the filing of the transcript in this Court, accompanied by some affidavits, the plaintiffs asked a *mandamus* to the Court below requiring a rendition there of a judgment upon the verdict of the jury, for 900 dollars. A *mandamus* was refused, on the ground that the plaintiffs had other remedy for the wrong, if wrong had been done. The following assignment of errors was then placed upon the transcript:

"*Philemon Rundles*, executor, and *Mary Montgomery*, executrix, of *Matthew P. Montgomery*, deceased, v. *Joseph*

*Jones.* And the said plaintiffs, by attorney, come and say that in the record, &c., manifest error has intervened, in this, that judgment was rendered by the Circuit Court for 200 dollars, and not for 900 dollars; and in this, that judgment was not rendered as of the preceding term;" and they pray an order, on the reversal of the judgment, to the Circuit Court, to render judgment for the 900 dollars. To this assignment the defendant pleaded, *"in nullo est erratum."*

A question has been made as to whether this assignment of errors is not fatally defective, in not sufficiently averring the death of the plaintiff below, and the representative character of the plaintiffs in error.

A writ of error is regarded as a new suit. Petersdorff, vol. 9, p. 3. It is obtained as a matter of right, in the *English* practice, by the party desiring it filing, with the proper officer, a *præcipe.* Id. 16. " But where the person suing becomes privy to a judgment, *by operation of law,* as an executor or heir, if he would sue, he sues in his *own name,* and by averment spreads on the record the matter which makes him privy to it, and establishes his right to sue." Wright's R. 737. Upon a judgment against a *feme covert* alone, she and her husband must join in the writ of error. 2 Swan Pr. 1141.—R. S. 629. In our practice, the writ is usually dispensed with, and the suit proceeds upon a transcript filed by the plaintiff in error, with an assignment of errors thereon. R. S. 634. This assignment is in the nature of a declaration. 2 Tidd, title, *Error.*—Petersdorff, vol. 9, p. 82. It may be demurred or pleaded to as a declaration. Id. 59. The common plea is, *" in nullo est erratum."* Swan, *supra,* 1144. " In the case of *Ferrar et al.* v. *The United States,* 3. Pet. 459, it is said that the decisions of the Court have uniformly been that an appearance cures any defect in the service of process." Conkling, 452. In short, proceedings in error seem to be governed generally by the rules governing other cases. The party might have taken his objection to the assignment in this case by demurrer, but we think it has been waived by plea of no error. The

Nov. Term, 1851.

RUNDLES
v.
JONES.

general issue in a suit by an administrator, admits the representative character of the plaintiff. *Lowe* v. *Bowman*, 5 Blackf. 410.

We proceed, then, to examine the errors assigned:

If *Montgomery* was alive at the time the attorneys below remitted a part of the verdict, they had power to do that act. But, if he was dead, they had not power to do it. His death was an immediate revocation of the powers of his attorneys. 2 Kent, 646. So, if he was then alive, judgment was properly entered in his favor of that term. But, if he was dead, it should have been entered as of a former term, he being then alive — the term at which the cause was submitted to the Court. Broom's L. Max. 86. This could have been done, as the delay of the Court shall prejudice no man. And if it was made to appear to the Court below, at the time of rendering judgment, that the plaintiff was dead, the entry of judgment in his favor, as at that time, would be an error cognizable in this Court. But if his death was not made to appear to the Court below at the time, while, nevertheless, it had occurred, and judgment was rendered in his name, as of that time, as it was from want of information of fact, and not from mistake of law, and the fact of the death is not, upon our present supposition, disclosed in the record, the error would not be cognizable in this Court, but would properly be rectified in said Court below by a *coram nobis*, as the writ is usually denominated in the Courts of the states of the U. S. 2 Swan Pr. 1161.—1 McLean, 143.—Bouv. Dic., 2 vol., 665.—2 Tidd, 9 Ed., 1136. And see this last reference for the distinction between the writ *coram nobis*, and *coram vobis*. By this proceeding, the question of fact, whether the plaintiff was, or was not, dead at the rendition of judgment, would be tried before the Court that rendered the judgment. In *Pickett's Heirs* v. *Legerwood et al.*, 7 Peters, 144, it is said the usual mode adopted at present for the correction of such errors as that alleged by counsel to have occurred in this case, is a motion to the Court in which the error occurred, supported by affidavit, instead

of the writ of error *coram nobis.* Notice, in such case, would, of course, be necessary to the adverse party.

The whole matter for our determination in the case before us, resolves itself, therefore, into this question: Does the transcript show that the plaintiff below was deceased at the time judgment was rendered in his favor? We think it does not. True, it is stated that the defendant made such a suggestion, but it does not appear to have been admitted by the counsel for the opposite party as true, and it was not proved by affidavit or otherwise; nor was it acted upon, for the Court proceeded to enter up judgment in his name as of that time. There is nothing, therefore, disclosed by the record showing that either of the errors assigned have been committed, and the judgment must be affirmed with costs. The facts, that errors of law are assigned in this Court by the executors of *Montgomery,* and that that assignment is pleaded to by the adverse party, are no evidence that said *Montgomery* was dead at the rendition of the judgment below.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Howe,* for the plaintiffs.

*R. Brackenridge, Jr.,* for the defendant.