Nov. Term,
1854.

Tapley
v.
McGee.

Monday,
December 18.

TAPLEY and Others v. McGEE and Others.

An infant can not appoint an agent or attorney.

An order of the Probate Court directing the payment of money of an infant distributee to a third person, as the agent of the infant, is erroneous.

It was error in the Probate Court, under the R. S. 1843, to order a distribution of moneys belonging to an intestate's estate, before final settlement, without directing the administrator to require a bond, with sufficient surety, for the return of the moneys, should the same be necessary for the payment of debts, &c., or to equalize the shares among those entitled thereto.

Where error is prosecuted against a party as an administrator, the plea *in nullo est erratum* admits his representative character.

Monday,
December 18.

ERROR to the *Ohio* Probate Court.

DAVISON, J.—At the *February* term, 1850, the clerk of the *Ohio* Probate Court reported to that Court that he had, in vacation, granted to *Daniel Tapley*, *Jerusha Brown* and *Hazlett E. Dodd* letters of administration upon the

estate of *John M. Daniels*, deceased, who died intestate.
Whereupon they moved the Court to confirm their appointment; but the Court refused the motion, declared the
letters granted to them by the clerk void, and, in their
stead, appointed *Thomas Kempton* and *Lot North* administrators of said estate. *Kempton* and *North*, at the *November* term, 1850, filed their petition, representing that *John*, *Nancy*, *James*, *Darius* and *Boone McGee* were the heirs at law of the said *Daniels;* that they were minors, and one *Joseph Owens* was their guardian. The petition prays an order directing the estate to be reduced to assets, and that the administrators be authorized to make settlement with said heirs, &c.

The record shows that at a subsequent day of that term, the Court heard evidence in support of the heirship of said minors, and adjudged them to be the heirs of said decedent, and authorized the administrators to settle with them, or their legally constituted guardian; but directed said administrators not to make distribution of the estate until further order of the Court.

It also appears by the record, that *Kempton* and *North*, at the *February* term, 1851, by petition, represented that they had in their hands moneys belonging to said estate, more than were sufficient to satisfy all the debts against it, and prayed authority from the Court to pay over to *James S. Jelly*, the agent and attorney of *John*, *James*, *Nancy*, *Darius* and *Boone McGee*, the heirs aforesaid, all the moneys then in their hands, and such other money as they might thereafter collect, belonging to the estate, and take his receipt for the same.

Upon a final hearing of the petition, the Court made an order in accordance with the above prayer, directing the administrators to pay over to *Jelly*, as such attorney and agent, all moneys then in their hands, &c., and take his receipt, &c.

This order, we think, is erroneous. The heirs were minors, and, for that reason, were not competent to appoint an agent or attorney to receive and receipt for their respective distributive shares in the estate. The record

Nov. Term, 1854.

TAPLEY
v.
McGEE.

shows that they had a guardian, and it is difficult to perceive the reasons why the moneys were not directed to be paid over to him. He was obviously the person properly authorized to receive and control the estate of his wards. We know of no provision in our statutes in support of a decree requiring an administrator to pay over the distributive share of an infant to the agent or attorney of such infant.

But there is another ground upon which this decree must be held defective. The Court by its decree should have directed the administrators to require a bond with sufficient surety for the return of the moneys paid over to the distributees, "whenever necessary for the payment of debts," &c., "or to equalize the shares among those entitled thereto." Such direction to the administrator is a requirement of the statute, which should have been embraced in the final order of the Court. R. S. 1843, p. 550, s. 360.

We have seen that the letters of administration granted to the plaintiffs were revoked by the Court, and *Kempton* and *North* appointed in their stead; but no reversal of the order revoking the letters to the plaintiffs is shown. Therefore, it is contended, that they are not proper parties in this Court. What would have been the effect of this objection had it been raised by motion to dismiss the writ of error, is a point which, at this stage of the proceedings, is not properly before us. The plaintiffs, as administrators of the estate of *John M. Daniels*, deceased, have assigned errors. To this assignment the defendants have pleaded *in nullo est erratum*, and, by that plea, we think, they have waived their objection. *Rundles* v. *Jones*, 3 Ind. 35, decides that "the plea *'in nullo est erratum'* to the assignment of errors by an executor, admits his representative character." This authority is directly in point. We must, therefore, regard the plaintiffs before this Court in the character of administrators.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. W. Spencer* and *P. L. Spooner*, for the plaintiffs.

*D. S. Major*, for the defendants.