## SETH F. ROBINSON v. LEVI B. SNYDER ET. AL.

1. *Joint Judgment.*—Except in cases where the statute provides otherwise ex-
pressly, a judgment against one of several joint obligors discharges the others; and
this rule applies to a partnerseip obligation.

2. *Effect of Excepting to Conclusions of Law.*—Excepting to conclusions of law
does not conclude the exceptor from disputing the facts stated in a special finding.
In this regard an exception is similar to a demurrer. *Cruzan* v. *Smith* explained.

Filed April 21, 1881.

Appeal from Whitley Circuit Court.

(Appellant's brief not found.)

Marshall & McNagny, for appellee.

Opinion of the court by Mr. Justice Elliott.

Seth F. Robinson, Elisha Hilliard and Ephraim Hilliard were partners, and this action was instituted against them upon a promissory note executed in the firm name adopted by the partnership.

Judgment was rendered against Seth F. Robinson alone, who now prosecutes this appeal. A point is made upon the ruling of the court striking out an answer filed by the appellant, but as the matters specifically pleaded were admissible under the general denial, which was already in, no available error was committed.

The second question which the appeal presents is the correctness of the conclusions of law stated by the court upon the acts set forth in the special finding. The finding is as follows:

The defendants, on the 28th day of December, 1874, made the note sued on payable to the plaintiffs; the same is due and attorneys'' fees for the collection of the same are worth $15. Heretofore, on the 22d day of April, 1878, the said note was left with Jackson Sadler, a justice of the peace of Whitley county, to be sued upon, and he issued a summons thereon returnable on the 27th day of April, 1878. The summons was duly returned, having been duly served on Robinson and Elisha Hilliard and not found as to Ephraim Hilliard, whereupon payment was rendered by the said justice of the peace against Seth F. Robinson and Elisha Hilliard on said note, for the sum of $47, all in due form of law, and no further action was taken as to Ephraim Hilliard.

On the second day of May, 1878, Seth F. Robinson made before the justice a motion for a new trial of the cause, and by the justice a new trial was granted, and the same was set for hearing on the 11th day of May, 1878, and subsequently the case was continued until the 18th day of May, 1878, and upon that day the plaintiffs appeared and dismissed the action, and judgment was rendered against them for costs.

That the justice is granting such new trial at the time wrote out on his docket as expressive of his judicial decision, "and a new trial is hereby granted to them," and then with other words express-

ing his action, signed the docket on the 11th day of May, 1878.
The justice upon further consideration wrote in his record follow-
ing, the foregoing words: "And the above judgment is set aside."

Subsequently the plaintiffs on the 18th day of May, 1878,
brought suit before the same justice on the same note, and service
of summons was had on Robinson and Elisha Hilliard, and no
service as to Ephraim, and judgment on the note rendered against
Robinson and Elisha Hilliard; from that judgment Robinson ap-
pealed to this court, and upon the issue made the cause is now be-
fore this court for trial. There being no service on Ephraim and
plaintiffs now dismiss as to Elisha Hilliard.

The court stated upon the facts found, conclusions of law, as
follows: "From the foregoing, the court states, as conclusions of
law, that the defendant Seth F. Robinson is liable to pay the plain-
tiff's $64.45, on the note sued upon, which may be recovered in this
suit. And the court further finds, that it be decreed as against the
plaintiffs, that the judgment rendered before Jackson Sadler, Es-
quire, against the defendant Robinson, be vacated and set aside, and
the plaintiffs barred from proceeding in any way as against Robin-
son to enforce or collect said judgment."

The appellant excepted to the conclusions of law, stating his
exceptions in general terms.

If the judgment rendered by the justice of peace, on the 27th
day of April, 1878, against both Robinson and Hilliard, was, by
the court, deemed in force as against the latter, then the conclu-
sions of law were clearly erroneous. It is settled, that judgment
against one of several joint obligors, discharges the others, except
in cases where the statute expressly provides otherwise. *Kennard* v.
*Carter*, 64 Ind. 31; *Nichlaus* v. *Rhodes*, 3 Ind. 38; *Holman* v.
*Langtree*, 40 Ind. 349; *Erwin* v. *Scotten*, 40 Ind. 389; *Mullandore*
v. *Silver*, 34 Ind. 98. The inference from the language used by
the court in the special finding and conclusions of law is, that the
court regarded the judgment of April 27, 1878, as in force against
Hilliard, and if this were so, then the judgment against Robinson
was erroneous. If we were clear that it is our duty to construe the
findings and conclusions, as declaring that the judgment of April
27, was in force against Robinson's co-obligor, then we should be

inclined to enter judgment for appellant on the special finding, but this we prefer not to do.

It is earnestly insisted that the motion for a new trial ought to have been sustained, because the findings and judgment are contrary to the evidence.

An important question of practice requires consideration before discussing the principal question which counsel argue. The appellant's exception to the conclusions of law, it is said, concludes him from questioning the correctness of the finding of facts. We think otherwise. A party who excepts to the conclusion of law does not conclude himself from controverting the facts stated in the special finding. He admits their truth for the purposes of his exceptions, just as one who demurs to a pleading admits the facts stated. When the exception in the one case, and the demurrer in the other is disposed of, the party is at liberty to controvert the statements made in the finding or pleading excepted or demurred to. When the exception is overruled the party may then, by his motion for a new trial, present the question of the correctness of the finding of facts.

The case of *Cruzan* v. *Smith*, 41 Ind. 288, is not, when correctly understood, in conflict with the doctrine we have declared. It is true that the court there said: "When a party excepts to the decision of the court, he admits the facts are correctly found, but says that the court erred in applying the law to the facts found to exist." This statement was correct as applied to the question then under consideration, for a party does, by his exception, admit the correctness of the finding of facts, but the admission is not a conclusive one. All that was meant in the case referred to was that the exception was an admission for the purpose of the exceptions. That we place a correct conclusion upon the holding in *Cruzan* v. *Smith* is shown by the fact that the court there quoted, with approval from the case of *Schmitz* v. *Lanferty*, 29 Ind. 400, the following language: "But if the decision is not sustained by sufficient evidence or is contrary to law, then the case is within the sixth specification of section 352, of the code, and a motion for a new trial is proper."

We have looked through the evidence, and are satisfied that upon one or more material points the finding is opposed by uncon-

tradicted evidence. There was, in truth, no conflict of evidence; the only possible question is as to the effect to be given the documentary evidence introduced by the parties.

We think justice can be best done by reversing and remanding the cause for a new trial, and we, therefore, reverse the judgment at costs of the appellees and remand the cause, with instructions to grant appellant's motion for a new trial.