**Amy RAPPAPORT, et al.**

v.

**Dr. Paul VANCE, et al.**

**Civ. No. Y–92–2252.**

United States District Court,
D. Maryland.

Feb. 10, 1993.

---

**610**

Bradford P. Johnson, Washington, DC, and Nolan Rappaport, Potomac, MD, for plaintiffs.

David C. Hjortsberg, Judith S. Bresler, and Zvi Greismann, Rockville, MD, for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Defendants seek Partial Summary Judgment to deny attorney's fees to Plaintiff Nolan Rappaport, a lawyer who acted *pro se* in certain proceedings under the Individuals with Disabilities Education Act (IDEA or the Act), 20 U.S.C. 1400 *et seq.* Because the facts are not in dispute, the Court may decide as a matter of law whether *pro se* litigants who are lawyers are entitled to fees under the Act. F.R.Civ.P. 56(c). Since the Supreme Court has denied *pro se* lawyer's fees under Title VII for reasons that apply equally here, the Court will deny Plaintiffs' attorney's fees.

### I

IDEA provides federal money to assist state and local agencies in educating disabled children. To qualify for the federal funds, the local agencies must ensure to every disabled child a "free appropriate public education" (FAPE) that is tailored to each child's needs through an "individual education program" (IEP). The child's parents or guardians are entitled to challenge any matter relating to a child's evaluation, placement, or special education, in extensive proceedings detailed in the Act. After an appeal to the state educational agency, an aggrieved party may bring a civil action in the federal district court. Where a state fails to meet its obligations under IDEA, the federal government may withhold funding. In this case, Plaintiffs contested certain elements of the IEP of Amy Rappaport (Amy), a 14–year–old autistic girl who is enrolled in a special education program in Montgomery County.

The Act further provides that the court may award attorney's fees to a prevailing party in any action or proceeding involving a disabled child's education. 20 U.S.C.A. § 1415(e)(4)(B). In this case, Plaintiffs claim that they were prevailing parties in proceedings on behalf of Amy. Of the $29,134.49 in attorney's fees requested, $17,625.00 is claimed by Nolan Rappaport, Amy's father, a member of the Maryland Bar. Because the Court will deny the fees

to Nolan Rappaport, it need not decide the question of whether Plaintiffs were prevailing parties under the Act.

## II

■ In the Motion for Partial Summary Judgment, Defendants rely primarily on the Supreme Court's decision in *Kay v. Ehrler*, — U.S. —, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), which held that a *pro se* litigant is not entitled to attorney's fees under Title VII, whether or not the litigant is a lawyer. The legislative history of IDEA and several courts have mandated that the attorney's fee provision of the Act should be interpreted consistently with the attorney's fee provision of Title VII. *See e.g.s,* S.Rep. No. 112, 99th Cong. 1st Sess. p. 14 (1985) (hereinafter S.Rep.), reprinted in 1986 USCCAN 1798; *Abu–Sahyun v. Palo Alto Unified School Dist.*, 843 F.2d 1250, 1252 (9th Cir.1988). If the rules regarding Title VII attorney's fees are strictly applied to IDEA, Plaintiff cannot recover fees as a *pro se* litigant.

However, a review of the legislative history of the Act and cases decided under the Act reveals that Title VII standards have been applied to IDEA attorney's fees in order to award IDEA fees liberally. For example, Congress invoked Title VII standards explicitly to apply such fees to work done on mandatory administrative proceedings:

> The committee also intends that section 2 should be interpreted consistent with fee provisions of statutes such as title VII of the Civil Rights Act of 1964 which authorizes courts to award fees for time spent by counsel in mandatory administrative proceedings under those statutes.

S.Rep. at 14. Similarly, the Ninth Circuit remanded a denial of fees under IDEA, stating that consistency with Title VII dictated narrow discretion to deny fees and that a "prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Abu–Sahyun v. Palo Alto Unified School Dist.*, 843 F.2d 1250, 1252 (1988) (citations omitted). *See also, Rossi v. Gosling,* 696 F.Supp. 1079, 1085–86

(E.D.Va.1988). Since Congress intended courts to have narrow discretion to deny fees under IDEA similar to the narrow discretion provided under Title VII, it is not clear that the Court should rely on Title VII to deny fees under the Act.

The Supreme Court's reasons for denying Title VII fees to *pro se* litigants who are lawyers apply equally here. In *Kay v. Ehrler*, — U.S. —, —, 111 S.Ct. 1435, 1437, the Court denied such fees in part because "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." An alternative reason proffered by the Court was to ensure effective, independent, objective counsel for meritorious claimants. *Id.* at —, 111 S.Ct. at 1437–38. The rationale of ensuring independent counsel is not as forceful in this case, since Plaintiffs employed the services of a private lawyer in addition to those of Nolan Rappaport. It should also be noted that attorney's fee awards in general provide litigants with access to legal expertise they would not normally have. Since Nolan Rappaport is a lawyer, such a provision is not as critical. Thus, for the same reasons that *pro se* litigants' attorney's fees are denied in Title VII cases, such fees should be denied in IDEA disputes.

■ Noting that attorney's fees under both statutes have traditionally been denied only where "special circumstances" would make such an award unjust, *see, e.g.s, Abu–Sahyun, supra; Bonnes v. Long,* 599 F.2d 1316 (4th Cir.1979), Plaintiffs urge the Court to find that the status of Nolan Rappaport as a *pro se* litigant does not constitute a special circumstance. The Court determines whether "special circumstances" exist by examining two factors: (1) whether awarding fees would further the congressional purpose in enacting [IDEA], and (2) balancing of the equities. *Abu–Sahyun,* 843 F.2d at 1253. While other courts have not relied on the "special circumstances" test to deny attorney's fees

to *pro se* litigants,[1] it is clear that a litigant's *pro se* status constitutes a special circumstance that justifies the denial of fees. Considering both prongs of the test, Congress' purpose in enacting IDEA is not advanced, and fairness is not served, by awarding fees to the father of a disabled child simply because he is an attorney. In spite of Plaintiffs' warning, it is implausible that denying fees will discourage parents who are attorneys from participating in the IEP challenge process, which would be contrary to the goal of the statute.

 Finally, there is the question of whether the identity between the parent and the disabled child is such that the child's representation by the parent is, in effect, *pro se* representation. Because the language of the statute identifies the parent with the child, and because of the close, natural relationship between parent and child, a parent's representation of a disabled child is effectively *pro se* representation. For example, 20 U.S.C.A. § 1415(a) requires each local educational agency to "assure that children with disabilities and their parents or guardians are guaranteed procedural safeguards with respect to the provision of free appropriate public education by such agencies and units." Subsection (b) requires the procedures to include: (1) "an opportunity for the parents or guardian of a child with a disability" to examine records and to obtain an independent educational evaluation of the child; (2) "written prior notice to the parents or guardian of the child" in certain circumstances, and; (3) notice that "fully informs the parents or guardian" of all procedures. Finally, the statute provides for attorney's fees to be awarded "to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C.A. § 1415(e)(4)(B) Since Congress envisioned the protections of IDEA as extending to both parent and child, the parent's representing the child in administrative proceedings is analogous to the parent representing himself.

Because the Supreme Court's reasons for denying attorney's fees to *pro se* litigants in the context of Title VII apply equally in the context of IDEA, the Court will grant Defendants' Motion for Partial Summary Judgment, denying attorney's fees to Nolan Rappaport.

---

**1.** The Supreme Court did not employ the "special circumstances" test in *Kay* and the D.C. Circuit in a later case explicitly relied on *Kay,* and not the "special circumstances" test, to deny attorneys' fees to a *pro se* litigant under Title VII. *Lawrence v. Bowsher,* 931 F.2d 1579, 1580 (D.C.Cir.1991) ("Special circumstances aside, ... an attorney-litigant [is not] eligible under § 1988 to recover 'attorney's fees' for his self-representation" under *Kay.*).