Nathaneal C. MILLER,
Appellant–Plaintiff,

v.

**WEST LAFAYETTE COMMUNITY SCHOOL CORPORATION and Greater Lafayette Area Special Services, Appellees–Defendants.**

No. 79A02–9402–CV–62.

Court of Appeals of Indiana,
Second District.

Jan. 12, 1995.

Timothy P. Broden, Lafayette, for appellant.

Jon M. Bailey, George T. Patton, Jr., Bose McKinney & Evans, Indianapolis, for appellee.

## OPINION

KIRSCH, Judge.

### STATEMENT OF THE CASE

By this appeal Nathaneal C. Miller presents a question of first impression in Indiana: should attorney fees be awarded to the attorney-parent of a prevailing party in a suit brought under the federal Individuals with Disabilities Education Act?[1] The trial court entered summary judgment in favor of West Lafayette School Corporation and Greater Lafayette Area Special Services (collectively "School") on Nathaneal's claim, holding that no such fees should be awarded. We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Nathaneal suffers from asthma and a learning disability. At his school, he participated in an "Individual Education Program" (IEP), financed through the federal Individuals with Disabilities Education Act (IDEA). IDEA provides federal money to assist state and local agencies in educating disabled children. To qualify for the funds, local agencies must ensure that every disabled child receives a free and appropriate public education tailored to the child's needs through an IEP. IDEA allows the child's parents to challenge any matter related to the child's education or evaluation.

On February 1, 1991, Nathaneal, through his parents, requested an administrative hearing, arguing that his IEP was not meeting his needs. Stanley Miller, Nathaneal's father, is a licensed attorney in Indiana. The Superintendent of Public Instruction appointed a hearing officer who heard evidence, including testimony from Stanley. The hearing officer ruled that Nathaneal's IEP was appropriate.

Nathaneal appealed to the Indiana Board of Special Education Appeals (Board), raising four issues. The Board granted Nathaneal's request for relief on one of such issues, overturning the hearing officer's finding that Nathaneal's IEP was appropriate. Nathaneal, again through his parents, filed a complaint in Tippecanoe Circuit Court, arguing that as the prevailing party before the Board, he was entitled to attorney fees pursuant to IDEA.[2] Upon turning eighteen, Nathaneal amended his complaint to remove his parents from the caption. The trial court granted the School's motion for partial summary judgment on the issue of attorney fees.

1. 20 U.S.C. § 1400 (1990).

2. 20 U.S.C. § 1415(e)(4)(B) (1990).

## DISCUSSION AND DECISION

 On appeal from the entry of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers Nat'l Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). Any doubt about the existence of a fact or the reasonable inference to be drawn from it must be resolved in favor of the non-moving party. *Allied Resin Corp. v. Waltz* (1991), Ind., 574 N.E.2d 913, 914. On appeal, however, the party that lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Indiana Dep't of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly denied his day in court. *Id.*

IDEA provides that the trial court, in its discretion, may award reasonable attorney fees as costs to the parents of a disabled child who is the prevailing party in an action brought under 20 U.S.C. § 1415(e)(4)(B). For purposes of summary judgment, we assume that Nathaneal was the prevailing party.

The School argues that the question before us has been clearly settled by the federal courts, and that we are bound to follow their interpretation of this issue. Nathaneal argues that the federal decisions upon which the School relies do not control this court's determination and that he is entitled to attorney fees because services of value were rendered on his behalf.

The School relies upon the federal district court's decision in *Rappaport v. Vance* (D.Md.1993), 812 F.Supp. 609, as dispositive of this case. In that case, Rappaport represented his fourteen-year-old autistic child in an action brought under IDEA. In denying fees to Rappaport, the Maryland court reasoned: 1) The word "attorney" assumes an agency relationship; no such relationship exists when an attorney represents his own child. 2) Fees are normally awarded to further the policy of ensuring access to legal expertise; a child represented by his attorney-parent has such access without a legal obligation to pay. 3) Because the protection of IDEA extends to parents as well as disabled children, a parent who represents his child effectively represents himself. 4) To award attorney fees to *pro se* litigants would create a disincentive for litigants to hire independent counsel who can better ensure effective prosecution of meritorious claims. *See id.* at 611–12. The court in *Rappaport* relied upon the decision of the United States Supreme Court in *Kay v. Ehrler* (1991), 499 U.S. 432, 111 S.Ct. 1435, 113 L.E.2d 486, holding that a successful *pro se* litigant who was a lawyer was not entitled to attorney fees in a 42 U.S.C. § 1988 action.

 United States Supreme Court decisions pertaining to federal questions are binding on state courts; lower federal court decisions, however, may be persuasive but are not binding authority for state courts. *Indiana Dep't of Public Welfare v. Payne* (1993), Ind., 622 N.E.2d 461, 468. Thus, while the decision of the district court in *Rappaport* is entitled to our respectful consideration, it does not control our resolution of the issue presented.

 We disagree with the *Rappaport* contention that there is no agency relationship when an attorney-parent represents his child. Capacity of a principal to consent to and control the actions of his agent are elements of an agency relationship. *Hope Lutheran Church v. Chellew* (1984), Ind., 460 N.E.2d 1244, 1247. Prior to turning eighteen, Nathaneal lacked such capacity. *See Trueblood v. Trueblood* (1856), 8 Ind. 195; *Tapley v. McGee* (1854), 6 Ind. 56. His parents, however, exercised such authority on his behalf. At all times, Nathaneal, not his parents, was Stanley's client. *See* Ind.Professional Conduct Rule 1.14. After Nathaneal turned eighteen, however, he himself possessed the required capacity. IC 1–1–4–5 (1991 Supp.) ("minor" refers to a person less than eighteen years of age). Furthermore, both prior

to and after turning eighteen, it was Nathaneal, not his parents, who received the primary benefit from his father's actions.

*Rappaport* also denied fees, in part, because parties such as Nathaneal have access to legal expertise without having an obligation to pay. Indiana courts, however, have held that such lack of obligation is not grounds to deny fees to a prevailing party. In *Beeson v. Christian* (1992), Ind., 594 N.E.2d 441, 443, our supreme court upheld a trial court order that a husband pay his wife's appellate attorney fees even though she was under no legal obligation to do so. The Court explained that requiring a prevailing party show a personal obligation to pay attorney fees before fees could be awarded would undermine the policy of ensuring equal access to courts for people of limited financial means. The supreme court also noted that this situation was analogous to *pro bono* arrangements where an attorney agrees to represent a client and accept fees if awarded by the trial court. In *Kleine–Albrandt v. Lamb* (1992), Ind.App., 597 N.E.2d 1310, 1313, we held that a prevailing party could not be denied fees even though represented by a non-profit legal organization, because the statute the party prevailed upon made the award of fees mandatory and, per *Beeson,* requiring an obligation to pay before fees could be awarded would undermine access to the courts of those with limited financial means.

◼ We also reject the contention in *Rappaport* that attorney-parents like Stanley are representing themselves, and, thus, are proceeding *pro se*. The *Rappaport* court said such parents were essentially *pro se* because the language of IDEA closely identifies the parents with the child and because of the parent-child relationship. *Rappaport,* 812 F.Supp. at 612. We acknowledge the intimacy of the parent-child relationship and that

IDEA also refers to the rights and interests of parents. *See* 20 U.S.C. § 1400(c) (1990). We reject, however, the notion that either the relationship or the existence of parental interests and rights in IDEA means that an attorney-parent essentially represents himself in an IDEA action for his child. IDEA addresses the educational needs of the child, not the parent; an IEP is created for the child, not the parent; relief may be pursued to remedy an IEP that does not meet the needs of the child, not the parent. Here, although Stanley as parent may have benefitted from the services that he provided, the real beneficiary was Nathaneal. Representation by an attorney-parent in an action under IDEA is not *pro se* representation.[3]

◼ Finally, we disagree with the *Rappaport* contention that independent counsel would better ensure effective prosecution of claims under IDEA. *Rappaport* cited *Kay,* 499 U.S. at 437–38, 111 S.Ct. at 1437–38, 113 L.Ed.2d at 492–93, for this proposition. *Kay,* however, involved a *pro se* attorney litigant, not an attorney representing his child as in the instant case. Although an attorney-parent may lack, at times, the independence and objectivity which are important to the attorney-client relationship, it is equally true that an attorney-parent may in fact pursue an IDEA claim more effectively and with greater vigor because of the ties to the child, familiarity with the child's disability, and knowledge of the child's educational needs.

In *Collins v. Chandler Unified Sch. Dist.* (9th Cir.1981), 644 F.2d 759, *cert. denied,* 454 U.S. 863, 102 S.Ct. 322, 70 L.E.2d 163 (1981), the Ninth Circuit Court of Appeals held that a parent-litigant was entitled to fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, saying:

> [T]he plain language of section 1988 provides no exception based on a litigant's

---

3. The School suggests that Stanley was a party to the case and thus not entitled to attorney fees for services provided to himself. Despite the School's contentions, this is not so. Although Stanley's name appears on the initial complaint, he appeared not as a party but as one who brought the suit on behalf of his minor child, the real party in interest. The complaint's wording makes this clear: "Nathaneal C. Miller *by his* parents Stanley M. Miller and Jimi C. Miller." (Emphasis added). The School also implies Stanley was a party because he testified at the first administrative hearing. The School cites no authority for this implication. Stanley, as Nathaneal's father and attorney, may testify on behalf of his son without becoming a party to the proceeding.

status as a parent. The statute simply provides that in *any* action to enforce section 1983 rights the court may award fees to *the* prevailing party. The language is broad and unequivocal ... and must be liberally construed to achieve Congress' purpose...."

*Collins,* 644 F.2d at 763–64 (emphasis in original).

 *Rappaport* itself noted that Congress intended courts to have narrow discretion to deny fees under IDEA.

Since Congress intended courts to have narrow discretion to deny fees under IDEA similar to the narrow discretion provided under Title VII, it is not clear that the Court should rely on Title VII to deny fees under [IDEA].

812 F.Supp. at 611. The plain language of IDEA provides no exception based on a litigant's status, either as a parent as in *Collins,* or as a parent-attorney as here. It simply provides that "the court, in its discretion, may award attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B).

 From our consideration of *Rappaport,* three points emerge: First, Stanley primarily represented the interests of Nathaneal, not himself. Second, services of value were rendered by Stanley. Third, those services primarily benefitted Nathaneal. Congress intended courts to have narrow discretion to deny fees under IDEA. *See Rappaport,* 812 F.Supp. at 611. Because services of value were rendered by Stanley to Nathaneal and because denial of fees would contravene the purposes of IDEA, we hold that Stanley is entitled to attorney fees.

The ultimate determination of whether Stanley receives attorney fees depends on whether Nathaneal qualifies as the prevailing party under IDEA. Neither Stanley, nor the School asks us to make that determination, and our holding is limited to whether Stanley is entitled to attorney fees if Nathaneal is the prevailing party. We hold that he is.

4. The School argues that it is entitled to an award of appellate attorney fees because Nathaneal's appeal is frivolous. Given that we have

We reverse and remand to the trial court to determine whether Nathaneal was the prevailing party and, if so, the reasonable value of the services rendered on his behalf. Any fees should be apportioned according to the significance of the issues upon which Nathaneal prevailed, balanced against those on which he did not. We leave such apportionment to the sound discretion of the trial court.

Reversed and remanded.[4]

SULLIVAN and STATON, JJ., concur.

ruled in Nathaneal's favor, we deny the School's request.