**Nathaneal C. MILLER,[1]**
**Appellant–Plaintiff,**

v.

**WEST LAFAYETTE COMMUNITY SCHOOL CORPORATION and Greater Lafayette Area Special Services, Appellees–Defendants.**

**No. 79S02–9505–CV–499.**

Supreme Court of Indiana.

May 28, 1996.

Timothy P. Broden, Lafayette, for Appellant.

Jon M. Bailey, George T. Patton, Jr., Bose McKinney & Evans, Indianapolis, for Appellees.

ON PETITION TO TRANSFER

DICKSON, Justice.

Addressing a question of first impression in Indiana, the Court of Appeals reversed the trial court and held that attorneys' fees should be awarded to the attorney-parent of the prevailing party of a suit brought under the federal Individuals with Disabilities Education Act[2] (IDEA). *Miller v. West Lafayette Community Sch. Corp.*, 645 N.E.2d 1085 (Ind.Ct.App.1995). The appellant-defendant petitions for transfer, asserting that the opinion of the Court of Appeals erroneously decides a new question of law. Ind.Appellate Rule 11(B)(2)(d). Transfer is granted.

In this action, the appellee-plaintiff contends that Nathaneal Miller was the prevailing party in proceedings brought under IDEA and seeks a judgment requiring the West Lafayette Community School Corporation and Greater Lafayette Area Special Services (together, "the School"), to pay to the lawyer-father attorneys' fees "which are currently approximately $16,100 and are ongoing" and which "should be enhanced by an appropriate multiplier." Record at 10. Summarized, the facts are that on February

---

1. This action was originally filed naming the plaintiff as "Nathaneal C. Miller by his parents Stanley N. Miller and Jimi C. Miller." The caption was amended to its present form after Nathaneal became 18 years old.

2. 20 U.S.C. §§ 1400–1485 (1990).

1, 1991, the student, then age 17 and scheduled to graduate from high school the next year, requested, through his parents, an administrative hearing, arguing that his Individual Education Program (IEP), financed through IDEA, was not meeting his needs. A hearing officer ruled that the student's IEP was appropriate. The student appealed to the Indiana Board of Special Education Appeals, which granted the student's request on one of the four issues raised and overturned the hearing officer's finding that the student's IEP was appropriate. Because the student's father is a licensed Indiana attorney, this action was commenced, seeking attorneys' fees for his father's efforts in the administrative proceedings.

The School sought summary judgment, contending in part that the student's father "functioned as a *pro se parent* and *party*" and thus was not entitled to fees for his services. Record at 49. The trial court entered summary judgment on the plaintiff's claim for attorney fees, finding that the plaintiff had been at all times represented by his father, who was also a party and who was listed and testified as a witness in the administrative proceedings and appeal. Noting that, under federal law, pro se litigants are not entitled to charge fees to the opposing party, the trial court held that this rule applies when the pro se litigant is an attorney, and it concluded that by acting on behalf of his son in providing legal services in a matter under the IDEA, the student's father was "acting on his own behalf as well and is factually and legally a pro se litigant and not entitled to fees." Record at 89.

As noted on the concluding page of his brief to the Court of Appeals, the student acknowledges that the issue of whether a lawyer acting pro se may recover attorneys' fees was decided against his position in *Rappaport v. Vance*, 812 F.Supp. 609 (D.Md. 1993), *appeal dismissed*, 14 F.3d 596 (4th Cir.1994). Brief of Appellant at 5. Plaintiff contends, however, that the father was not a pro se litigant but was appearing as an attorney for his son and should be entitled to receive attorneys' fees.

The language of the attorneys' fee-shifting statute under the IDEA[3] is substantially similar to the fee-shifting statute under the Civil Rights Attorney's Fees Awards Act of 1976,[4] which was construed in *Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). In *Kay*, the Supreme Court held that a lawyer who represents himself should be treated like any other pro se litigant:

> Although [the fee-shifting section] was no doubt intended to encourage litigation protecting civil rights, it is also true that its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights.
>
> In the end ... the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations. We do not, however, rely primarily on the desirability of filtering out meritless claims. Rather, we think Congress was interested in ensuring the effective prosecution of meritorious claims.
>
> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.
>
> A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel

---

3. "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B) (1990).

4. "In any action or proceeding to enforce [certain provisions], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1988).

whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Kay,* 499 U.S. at 436–38, 111 S.Ct. at 1437–38, 113 L.Ed.2d at 492–93 (footnotes omitted). Similar language in different federal fee-shifting statutes is "a strong indication" that they are to be interpreted alike. *See Independent Fed. of Flight Attendants v. Zipes,* 491 U.S. 754, 758, 109 S.Ct. 2732, 2735, 105 L.Ed.2d 639, 647, n. 2; *Northcross v. Board of Educ.,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48, 50 (1973).

As the plaintiff concedes, the facts of the present case bear a remarkable similarity to those in *Rappaport,* which involved a request for attorneys' fees by the father of a fourteen-year-old girl who was a prevailing party in an IDEA proceeding. *See Rappaport,* 812 F.Supp. at 610. In that case, the girl's father, a member of the Maryland bar, requested attorneys' fees for his services. *Id.* Finding the Supreme Court's reasoning in *Kay,* a Title VII case, to be equally applicable to the IDEA fee-shifting provisions and the protections of IDEA to extend to both parent and child, the *Rappaport* court held that a parent representing a child in administrative proceedings is analogous to the parent representing himself or herself. *Id.* at 610–11. The court granted the motion for partial summary judgment, thus denying attorneys' fees to the attorney-father. *Id.* at 611. While the rulings of a United States District Court are not binding precedent upon this Court, we agree with the reasoning in *Rappaport* and reach a similar result in the present case.

In light of the foregoing, we are persuaded that the trial court did not err in its entry of partial summary judgment for the School.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.