Kenneth E. SMITH, Jr. and Cathy Smith, Husband and Wife, Appellants–Plaintiffs,

and

Jeffery Harbrecht, Appellant–Defendant,

v.

Gerhard KING and Christine King, Husband and Wife, Appellees–Defendants.

No. 45A03–0806–CV–308.

Court of Appeals of Indiana.

June 23, 2009.

Caleb S. Johnson, Spangler Jennings & Dougherty, William L. Touchette, Merrillville, IN, David N. Gilyan, Hobart, IN, Attorneys for Appellants.

Matthew J. Hagenow, Newby Lewis Kaminski & Jones, La Porte, IN, Attorney for Appellees.

## OPINION ON REHEARING

BROWN, Judge.

Jeffrey Harbrecht petitions for rehearing of this court's published opinion in *Smith v. Harbrecht & King*, 902 N.E.2d 878 (Ind.Ct.App.2009), in which we affirmed the trial court's grant of summary judgment to Gerhard King and Christine King. On rehearing, Harbrecht raises two issues, which we restate as:

I. Whether this court erred by holding that Harbrecht waived the argument that King was performing work as a general contractor; and

II. Whether a question of fact exists regarding King's duty to perform his work in a safe manner.

For the following reasons, we grant Harbrecht's petition for rehearing and clarify and affirm our prior opinion.

Kenneth Smith was injured at the Kings' residence, which was under construction, when he fell through a hole leading into the basement of the residence. The Smiths filed a negligence complaint against the Kings and Harbrecht, who was the framing contractor hired by the Kings. The Kings filed a motion for summary judgment, which the trial court granted. On appeal, Harbrecht and the Smiths argued that the Kings owed a duty to Kenneth either in their capacity as property owners, in Gerhard King's capacity as general contractor, or through the assumption of a duty by their conduct. The Smiths and Harbrecht also argued that the Kings owed a duty to Kenneth due to Gerhard King's own actions as general contractor for the construction. On that issue, we held that Harbrecht waived his argument. *See* 902 N.E.2d at 883.

In his petition for rehearing, Harbrecht argues that this court erred by concluding that he waived the issue of whether the Kings were liable based upon Gerhard's own negligence as a general contractor. Even assuming that Harbrecht did not waive this issue, we conclude that Harbrecht's argument fails. In our opinion, we noted that Harbrecht argued that Gerhard was negligent in his own actions. *Id.* at 883. We also recognized that "[t]he Indiana Supreme Court has held that 'a contractor has a duty to use reasonable care both in his or her work and in the course of performance of the work.'" *Id.* (quoting *Peters v. Forster*, 804 N.E.2d 736, 743 (Ind.2004)). Under Part A of our original opinion, we concluded that the danger of the hole was known and obvious to Kenneth and that the evidence does not support a reasonable inference that the Kings should have anticipated that Kenneth would fall through the hole while measuring over his head for the heating and cooling system. *See id.* at 881–883. Under these circumstances, Gerhard was not negligent as a general contractor because he did not breach his duty to use reasonable care both in his work and in the course of performance of the work. Consequently, we conclude that the trial court did not err by granting the Kings' motion for summary judgment.

For the foregoing reasons, we grant Harbrecht's petition for rehearing and clarify and affirm our original opinion.

ROBB, J. and CRONE, J. concur.