# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**MARK D. GERTH**
Kightlinger & Gray, LLP
Indianapolis, Indiana

**KENNETH W. HEIDER**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**W. BRENT THRELKELD**
**DANIEL B. STRUNK**
Threlkeld & Associates
Indianapolis, Indiana

FILED

Jan 24 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VIOLET M. LOCKETT, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-CT-552 |
| | ) | |
| PEGGY HOSKINS a/k/a PEGGY J. SMITH, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable S.K. Reid, Judge
Cause No. 49D14-0801-CT-1157

**JANUARY 24, 2012**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

STATEMENT OF THE CASE

Violet M. Lockett appeals the trial court's award of attorney's fees to Peggy Hoskins a/k/a Peggy J. Smith ("Hoskins"). We reverse.

ISSUE

Lockett raises one issue, which we restate as: whether the trial court erred by awarding attorney's fees to Hoskins. In addition, Hoskins presents a request for appellate attorney's fees.

FACTS AND PROCEDURAL HISTORY

Lockett is Hoskins' mother, and she lived in a home that she rented from Hoskins. Hoskins lived in an adjacent home, which was connected to Lockett's garage by a breezeway. The breezeway had a concrete floor, which was covered by carpeting.

On July 29, 2006, Lockett walked through the breezeway, as she had many times in the past, on her way to Hoskins' house. Lockett tripped and fell on a ridge of concrete that was concealed by carpeting, breaking her hip in the process.

Lockett sued Hoskins, claiming that Hoskins had failed to maintain the breezeway in a reasonable condition. Hoskins filed a counterclaim, asserting that Lockett's case was frivolous and requesting an award of attorney's fees and costs. Next, Hoskins moved for summary judgment on Lockett's negligence claim. The trial court granted Hoskins' motion and entered judgment in Hoskins' favor. Lockett appealed the trial court's grant of summary judgment. This Court subsequently dismissed Lockett's appeal for inactivity. *See Lockett v. Hoskins*, Cause No. 49A04-1007-CT-460 (Ind. Ct. App. Dec. 7, 2010).

2

Next, Hoskins filed a motion for attorney's fees and costs. After a hearing, the trial court granted Hoskins' motion, determining:

1.      [Lockett's] lawsuit was unreasonable, frivolous, and groundless, or

2.      [Lockett] continued to litigate the action after the claim clearly became frivolous, unreasonable, and groundless, or

3.      [Lockett's] case was brought in bad faith.

Appellant's App. p. 194. The trial court awarded Hoskins $22,791.50 in attorney's fees. This appeal followed.

## DISCUSSION AND DECISION

Indiana follows the "American Rule," whereby parties are required to pay their own attorney's fees absent an agreement between the parties, statutory authority, or other rule to the contrary. *Smyth v. Hester*, 901 N.E.2d 25, 32 (Ind. Ct. App. 2009), *trans. denied*. Indiana Code section 34-52-1-1(b) (1998) authorizes the award of attorney's fees in certain circumstances. That statute provides, in relevant part:

[T]he court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

*Id.*

Appellate review of the trial court's award of attorney's fees pursuant to Indiana Code section 34-52-1-1(b) proceeds in three steps. *Smyth*, 901 N.E.2d at 33. First, we

3

review the trial court's findings of fact under a clearly erroneous standard. *Id.* Here, the trial court did not issue any findings of fact, so this step is unnecessary.

The second step is to review de novo the trial court's legal conclusions. *Id.* Finally, the third step is to review the trial court's decision to award fees and the amount thereof under an abuse of discretion standard. *Id.* at 33-34.

We begin by reviewing the trial court's legal conclusions that Lockett's claim was unreasonable, frivolous, and groundless, or that she continued with her claim after it clearly became unreasonable, frivolous, and groundless, or that she filed her claim in bad faith. A claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. *McClure & O'Farrell, P.C. v. Grigsby*, 918 N.E.2d 335, 340 (Ind. Ct. App. 2009). A claim or defense is frivolous if: (a) if it is made primarily for the purpose of harassing or maliciously injuring a person; or (b) if the lawyer does not make a good faith and rational argument on the merits of the action; or (c) if the lawyer does not support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Wolfe v. Eagle Ridge Holding Co., LLC*, 869 N.E.2d 521, 530 (Ind. Ct. App. 2007). A claim is groundless only if no facts exist which support a legal claim presented by the losing party. *Buschman v. ADS Corp.*, 782 N.E.2d 423, 432 (Ind. Ct. App. 2003).

In this case, Lockett presented a claim for premises liability. Specifically, Lockett contended that she was a social invitee to Hoskins' property, that Hoskins was obligated

4

to use ordinary care to maintain her property in a reasonably safe condition for invitees, and that Hoskins negligently breached her duty of care.  In response to Hoskins' motion for summary judgment on the premises liability claim, Lockett pointed to undisputed evidence that the concrete ridge in the breezeway floor was concealed by carpet and that Lockett was unaware of the ridge's presence.  She also contended that the concealed ridge was unreasonably dangerous and cited precedent to support this argument.  Furthermore, Lockett argued that her past familiarity with the breezeway was irrelevant to her claim, and she cited precedent in support of this argument.  Finally, Lockett cited to statements by Hoskins agreeing that Lockett was not in any way at fault for the fall and that she had failed to warn Lockett about the concealed concrete ridge.

Hoskins contends that Lockett's premises liability claim is absolutely baseless under Indiana caselaw because Lockett was familiar with the breezeway prior to her fall.  However, the cases Hoskins cites addressed plaintiffs who were harmed on defendants' property by dangers of which the plaintiffs were already aware.  *See, e.g.*, *Smith v. King*, 902 N.E.2d 878, 882 (Ind. Ct. App. 2009) (determining that the hole through which the plaintiff fell was "known and obvious" to the plaintiff), *clarified on reh'g*, 907 N.E.2d 1088 (2009); *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1266 (Ind. Ct. App. 2002) (determining that the plaintiff was already aware of the open skylight through which he fell), *trans. denied*.  Here, while Lockett was familiar with the breezeway, she was unaware of the ridge's presence.

Lockett's claim was ultimately meritless, but her arguments were logical and supported by citation to precedent.  Based on the law and facts, we cannot conclude that a

5

reasonable attorney would consider Lockett's claim unworthy of litigation. Thus, her claim was not unreasonable. Furthermore, Lockett made a good faith and rational argument on the merits of the action, and there is no evidence that she filed suit against her daughter primarily for the purposes of harassing or maliciously injuring her. Consequently, we cannot conclude that Lockett's claim was frivolous. In addition, this case presents some facts that supported Lockett's claim, and so it was not entirely groundless. Finally, there is no evidence that Lockett acted in bad faith by filing suit against Hoskins. Rather, Lockett was indisputably injured in a fall on Hoskins' property caused by a previously unknown defect in the floor, and she sought relief against the property owner.

We cannot conclude that Lockett's claim was the "sort of needless drain on the resources of the prevailing party and the judicial system" that Indiana Code section 34-52-1-1(b) was designed to deter. *Mitchell v. Mitchell*, 695 N.E.2d 920, 925 (Ind. 1998). Consequently, the trial court's legal conclusions that Lockett's claim was unreasonable, frivolous, groundless, or filed in bad faith are erroneous. *See Buschman*, 782 N.E.2d at 432 (affirming the trial court's denial of attorney fees where the plaintiff filed a good faith, albeit meritless, claim for relief).

In the absence of valid legal conclusions justifying an award of attorney's fees, the trial court's grant of fees to Hoskins was an abuse of discretion and must be reversed. Furthermore, because this appeal is resolved in favor of Lockett, Hoskins' request for appellate attorney's fees is without merit and must be denied.

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court.

Reversed.

RILEY, J., and VAIDIK, J., concur.