**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Feb 20 2013, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**DENNIS LOCKARD**
**TAMI LOCKARD**
Tulsa, Oklahoma

APPELLEE PRO SE:

**LAWRENCE T. NEWMAN**
Bradenton, Florida

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAMI AND DENNIS LOCKARD, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1204-CC-202 |
| | ) | |
| LAWRENCE T. NEWMAN, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-0812-CC-57813

**February 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Dennis and Tami Lockard appeal the trial court's judgment against them in Lawrence Newman's suit for unpaid legal fees. The Lockards, pro se, raise several issues which we consolidate and restate as three: 1) whether the trial court properly admitted evidence; 2) whether the trial court's findings of fact are supported by the evidence; and 3) whether the judgment is clearly erroneous. We conclude the trial court did not err in its admission of evidence, the evidence supports the findings of fact, and the findings support the judgment. We also conclude, however, that the prejudgment interest component of the judgment amount must be either explained or re-calculated. We therefore affirm the judgment in part and remand in part. We further conclude that the trial court erred in awarding attorney's fees pursuant to Indiana Code section 34-52-1-1 when dismissing the Lockards' counterclaim and reverse its order in that respect. Finally, we deny Newman's request for appellate attorney's fees. Affirmed in part, reversed in part, and remanded.

## Facts and Procedural History

In 2004, the Lockards initiated a lawsuit in their home state of Oklahoma on behalf of their minor children. As part of this lawsuit, the Lockards sought investigatory records from the National Collegiate Athletic Association ("NCAA"), headquartered in Indianapolis. Believing the Oklahoma court might not have jurisdiction to subpoena these records, the Lockards filed an Application for Order Permitting Discovery to Assist Out-of-State Litigants in Marion County Superior Court. The trial court granted their application and the Lockards issued a subpoena duces tecum to the NCAA, a non-party, but after the NCAA

2

filed a motion for protective order and the Oklahoma defendants filed a motion to quash, the trial court quashed the subpoena.

On December 26, 2005, the Lockards contacted Lawrence Newman, an attorney in Indiana, regarding an appeal of the trial court's order. Newman agreed to look into the feasibility of an appeal and make a recommendation. Also on December 26, 2005, the Lockards sent a letter to Newman confirming their conversation, giving some details of their case, and enclosing a $1,000.00 retainer. Newman acknowledged receipt of the correspondence and check by letter dated January 4, 2006. The letter also included a fee agreement which the Lockards signed, acknowledging their agreement to the terms, and returned. The agreement provides:

> . . . The purpose of this letter is to confirm the terms and conditions under which this law firm will provide services to you.
>
> I will review the documentation from the trial court case, do the necessary legal research, and advise you of my opinion concerning an appeal of the trial court's decision. If you decide to appeal the decision, I will take all necessary steps to conduct the appeal. For these legal services, I will bill you at the rate of $195.00 an hour. Legal fees are charged for all time spent on your case, including, but not limited to: research time, travel time, all telephone calls, and client conferences.
>
> This letter confirms that you have provided a retainer in the amount of $1000.00. In the event the retainer is exhausted, you will be expected to pay all accruing bills.
>
> You are also required to pay all expenses which may be incurred during the course of my representation of you. Expenses may include, but are not limited to: long distance telephone calls, travel expenses, photocopies, postage, filing fees, depositions, and other litigation costs.
>
> Statements are prepared on a periodic basis. These statements reflect attorney services rendered, the incurrence of expenses and the current balance of your

> retainer or deposit to the firm's trust account, if applicable. The bill for services rendered represents our time devoted to your case and our expenditures made on your behalf during the preceding period.
>
> You are responsible for all outstanding balances with this office. All invoices are due in full upon receipt. All delinquent balances are subject to a monthly interest charge at the rate allowable by law. Should your account be turned over for collection, you shall be fully responsible for all costs of collection, including, but not limited to: reasonable court costs, attorney's fees, and the cost of a collection agency, if utilized. Should a collection agency charge a percentage of the bill, your bill will be increased to cover its costs.

Plaintiff's Exhibit 2 at 1. At some point thereafter, the Lockards decided to proceed with the appeal and sent further information Newman needed from the Oklahoma case and an additional retainer of $3,000.00. Though the parties disagree on the exact language used and the import of the language, Newman apparently gave the Lockards a range of $7,000.00 to $12,000.00 for the cost of his services in pursuing the appeal. Newman contends it was an estimate; the Lockards contend it was a maximum. Newman also obtained copies of documents in the Indiana case directly from the trial court and billed the Lockards $210.00 for the cost of copies "which you agreed to reimburse me by separate check." Plaintiff's Exhibit 5.

Newman obtained an extension of time to file the appellant's brief and then filed the brief and appendix on March 21, 2006. On May 29, 2006, Newman sent the Lockards an itemized bill showing $11,350.67 due for services rendered from December 28, 2005, to May 28, 2006. Less the $4,000.00 already paid, the Lockards owed Newman $7,350.67. On May 31, 2006, Newman forwarded to the Lockards the appellee's brief and a motion for extension of time to file a reply brief that he had filed on their behalf. The Lockards responded with a

4

letter addressing several points in the appellee's brief, though noting they "don't know what we're allowed to add at this level." Plaintiff's Exhibit 12 at 1. They told Newman if he needed "ANYTHING from us, just call or e-mail." Id. at 2. They also sent a check for $7,350.67 to pay the May bill.

The reply brief was due June 21, 2006. In the days prior to that deadline, the Lockards informed Newman that they were working toward a settlement in the Oklahoma litigation. On June 21, 2006, they informed him that they had reached an agreement with the Oklahoma defendants and asked that the reply brief not be filed. Because the agreement was not yet reduced to writing and signed, Newman encouraged the Lockards to file the completed reply brief, and the brief was filed on that day. Newman sent a copy of the reply brief to the Lockards the next day.

On August 16, 2006, the Lockards sent Newman a fax. The cover sheet stated:

Please find attached our letter authorizing a dismissal of the above-referenced case. We wish we could have waited for the outcome, but they made the kids happy and that's what was most important. We think your work on the appeal posed the most threat to the case and pushed them into settlement. You did an excellent job! Thanks for all of your help. Sorry you don't get to see your work to the end.

Plaintiff's Exhibit 17 at 1. The accompanying letter stated: "Please dismiss the above-referenced case with prejudice as soon as possible. The Oklahoma case has been resolved." Id. at 2. Newman filed the motion to dismiss and it was granted in due course.

Newman introduced at trial an invoice dated September 29, 2006, for $5,566.28 in legal services rendered between May 30, 2006, and August 18, 2006, showing mainly work on the reply brief, conversations with regard to the settlement, and work on obtaining the

5

dismissal. Newman did not hear from the Lockards and sent a second invoice for this amount on November 7, 2006. Still Newman did not hear from the Lockards, so he telephoned them on November 21, 2006. The Lockards denied receiving the bills, so Newman emailed the invoice. On February 1, 2007, still having not been paid, Newman sent a third invoice, this time including the following language: "Interest at a rate of 8% per annum will be assessed effective January 1, 2007, for all unpaid balances as of February 10, 2007." Plaintiff's Exhibit 25 at 2. The Lockards responded by email on February 8, 2007, disputing the bill, partly because of the alleged maximum fee of $12,000.00 and partly because of work on the reply brief they believed was "overly excessive." Plaintiff's Exhibit 27.

On July 6, 2007, Newman filed a complaint against the Lockards in the Marion County Small Claims Court seeking judgment in the amount of $5,566.28 plus court costs, costs of collection, pre-judgment interest, and attorney's fees. The Lockards, then represented by counsel, filed a counterclaim which was dismissed with prejudice. Following a hearing, the small claims court entered judgment in Newman's favor in the amount of $1,500.00. Newman then appealed the small claims court judgment to the Marion Superior Court pursuant to Indiana Code section 33-34-3-15. The Lockards answered the complaint and alleged that the parties' discussions and actions after the January 2006 fee agreement was signed altered the agreement and imposed a $12,000.00 fee cap. The Lockards also filed a counterclaim against Newman which Newman moved to dismiss and which they later tried to

6

amend.  Following a hearing at which Newman and the Lockards all acted as their own

counsel, the trial court issued Findings of Fact and Conclusions of Law:

> The trial in this cause having been heard on August 1, 2011, the Court hereby enters its written Findings of Fact and Conclusions of Law.
> FINDINGS OF FACT
> * * *
> 11.  As agreed with the Lockards, Mr. Newman conducted legal research to determine the efficacy of an appeal.  During the course of his research, Mr. Newman had a telephone conversation with Dennis Lockard, during which they discussed Mr. Newman's estimate of the cost of the appeal. Mr. Newman stated that he estimated the cost of an appeal would be in the range of $7,000.00 to $12,000.00.  During said telephone conversation, Dennis Lockard offered to send Mr. Newman an additional advance payment of $3,000.00.  This conversation took place before Mr. Newman had completed his initial research and made a recommendation concerning the appeal, as Mr. Newman had not yet received all of the pertinent documents to complete his evaluation.
> * * *
> 17.  After receipt of Mr. Newman's [May 2006] invoice, the Lockards made no mention that Mr. Newman's total billings were approaching $12,000.00, nor did they ever mention any purported $12,000.00 cap on his legal fees. . . .
> * * *
> 32.  Although the Lockards complain in their February 8, 2007, e-mail that Mr. Newman put in too much time researching and preparing the Reply Brief, the Court finds that the Lockards repeatedly instructed Mr. Newman to do everything possible in preparing a successful Reply Brief.
> * * *
> CONCLUSIONS OF LAW
> 1. The January 4, 2006, written representation agreement was a valid, binding contract between Lawrence T. Newman and Dennis Lockard and Tami Lockard.
> 2.  No later oral agreement existed between Lawrence T. Newman and the Lockards.  No later agreement changed or modified in any way the terms of the January 4, 2006, representation agreement.
> 3.  The Lockards breached the January 4, 2006, representation agreement by failing and refusing to pay Lawrence T. Newman's September 29, 2006 invoice for legal services in the amount of $5,566.28.  Consequently, Dennis Lockard and Tami Lockard owe Lawrence T. Newman compensatory damages in the amount of $5,566.28.

7

4. The January 4, 2006, representation agreement provides that "All delinquent balances are subject to a monthly interest charge at the rate allowable by law." Lawrence T. Newman asserted interest at the legal rate of 8 percent per annum commencing January 1, 2007. Consequently, Dennis Lockard and Tami Lockard owe Lawrence T. Newman pre-judgment interest from January 1, 2007, through August 1, 2011, in the amount of $2,456.53, plus interest at the rate of $1.76 per day from August 2, 2011, for total pre-judgment interest in the amount of $264.00.

5. . . . Lawrence T. Newman accrued attorney fees and costs totaling $13,269.32 in collection costs against Dennis Lockard and Tami Lockard. Consequently, Dennis Lockard and Tami Lockard owe Lawrence T. Newman $13,269.32 in collection costs.

6. JUDGMENT IS THEREFORE ORDERED against Dennis Lockard and Tami Lockard jointly and severally in the total amount of $21,292.13, plus pre-judgment interest at the rate of $1.76 per day beginning August 2, 2011, for total damage award of $21,556.13, to be paid within thirty (30) days of the date of this judgment.

Amended Appellants' Appendix at 5, 8-10, 13-15 (citations to the record omitted). This order did not address the Lockards' counterclaim, so the trial court issued a separate order on March 15, 2012, dismissing the counterclaim with prejudice and finding the Lockards had prosecuted the counterclaim in violation of Indiana Code section 34-52-1-1, thereby entitling Newman to attorney's fees and costs. The Lockards, pro se, now appeal the judgment.

Discussion and Decision

I. Admission of Evidence

A. Standard of Review

The Lockards contend the trial court erred in its admission of some of Newman's exhibits over their objection and in failing to rule on the admission of others. We review a trial court's decision to admit evidence for an abuse of discretion. Morse v. Davis, 965 N.E.2d 148, 155 (Ind. Ct. App. 2012), trans. denied. We will reverse a trial court's decision

8

only if it is clearly against the logic and effect of the facts and circumstances before the court. Id. A trial court's decision to admit or exclude evidence will not be reversed absent a showing of prejudicial error. Id.

## B. Admission of Exhibits

Specifically, the Lockards contend exhibits 22 and 26 were erroneously admitted because they were incomplete. Exhibit 22 is a fax cover sheet; exhibit 26 is an email from Newman to the Lockards. Newman offered exhibit 22 to show that on November 21, 2006, after allegedly speaking with Dennis, he prepared a fax to the Lockards of the September 2006 invoice. He acknowledged the invoice was not attached to the cover sheet and that the fax did not go through. Newman offered exhibit 26 to show that on February 2, 2007, he emailed to the Lockards a copy of the September 2006 invoice. The email shows an attachment, but the attachment was not included in the exhibit. In admitting exhibit 26 over the Lockards' objection, the trial court stated, "[n]one of this proves anything – okay?" Transcript at 35. In short, the Lockards have not shown any prejudicial error to them in admitting the exhibits, especially when the trial court noted that the weight to be given to the exhibits was minimal.

The Lockards also contend the trial court erred in its handling of exhibits 20 and 31. Exhibit 20 is the September 2006 invoice. The transcript shows as follows:

> LAWRENCE NEWMAN: . . . I thereupon prepared my final invoice to the Lockards and that's my invoice dated September 29th, 2006 I'd like to introduce as Plaintiff's Exhibit 20.
> *(There is no stated objection by the Defendants, nor any verbal admission of the Exhibit by the Court; however, it is accepted into evidence without comment and made part of the record.)*

9

Id. at 30.  Exhibit 31 is an invoice dated August 1, 2011, showing Newman's time and fees in

pursuing collection of the September 2006 bill.  The transcript shows as follows:

> LAWRENCE NEWMAN:  . . . I would like to introduce as Plaitniff's Exhibit 31 a billing that I've prepared which sets forth the time and costs that I've incurred in trying to collect these unpaid fees from the Lockards . . . .  So my total collection costs, at the hourly rate of $200 an hour – which was my hourly rate beginning 2007 – totals $13,269.32, Your Honor, and I would request that I be granted those collection fees pursuant to my contract with the Lockards in addition to the amount that was owed to me by virtue of my September 29[th], 2006 invoice, Your Honor.
> THE COURT:  Counsel, where did you reference that thirteen thousand from?
> LAWRENCE NEWMAN:  That's on page 3 of Exhibit 31, Your Honor.
> THE COURT:  Oh.  Okay.  I thought I saw it somewhere.  Okay.
> * * *
> LAWRENCE NEWMAN:  I thought I had given them their copy.
> *(There is no stated objection by the Defendants, nor any verbal admission of the Exhibit by the Court; however, it is accepted into evidence without comment and made part of the record.)*

Id. at 40-41.

The Lockards apparently find fault in the failure of the trial court to ask them if they

had any objection to these exhibits and in allowing them to be admitted into evidence when

they did not receive copies of the exhibits at the time they were introduced.  Although on

occasion as Newman testified and introduced his thirty-one exhibits, the trial court would ask

if there was any objection, the trial court did not do so every time.  Many times, the Lockards

would simply state they had no objection following Newman's offer of an exhibit.  There is

no evidence in the record that the trial court prevented the Lockards from objecting with

respect to exhibits 20 and 31.  Moreover, the Lockards never stated on the record they did not

have copies of the exhibits at the time they were offered, and they put forth no substantive reason why the exhibits should not have been admitted. The two exhibits are the basis of Newman's damages, and Newman testified to the substance thereof; therefore, even if they were erroneously admitted, they were cumulative of other evidence. The Lockards have not demonstrated any abuse of the trial court's discretion in its handling of the admission of evidence.

## II. Findings of Fact and Judgment

### A. Standard of Review

> [W]hen, as here, a trial court enters findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the judgment.

Mysliwy v. Mysliwy, 953 N.E.2d 1072, 1075-76 (Ind. Ct. App. 2011) (citations omitted), trans. denied. Findings of fact are clearly erroneous when the record contains no facts to support them either directly or by inference. Morgal-Henrich v. Henrich, 970 N.E.2d 207, 210 (Ind. Ct. App. 2012). A judgment is clearly erroneous if no evidence supports the findings, the findings fail to support the judgment, or if the trial court applies an incorrect legal standard. Bowyer v. Ind. Dep't of Natural Res., 944 N.E.2d 972, 983-84 (Ind. Ct. App. 2011). Although we review findings under the clearly erroneous standard, we review conclusions of law de novo. Id. at 983.

11

## B. Findings of Fact

The Lockards generally contest the trial court's findings of fact as either not supported by the evidence or not supporting the judgment.[1] In essence, the Lockards argue that the trial court should have found the facts in their favor and concluded that there were oral agreements between the parties subsequent to the January 2006 written fee agreement that changed the terms of the representation. This is essentially an attempt to re-argue their case and challenge the fact-finding role of the trial court. See Reply Brief of Appellants at 5 ("The majority of the Trial Court's findings are supported only by the testimony of Newman . . . .") (emphasis in original). We do not reweigh the evidence on appeal, however. See Mysliwy, 953 N.E.2d at 1076. Even if there is evidence in the record supporting the Lockards' version of events, there is also evidence supporting the trial court's findings in Newman's favor, and those findings are therefore not clearly erroneous. Having found that Newman offered the $12,000 fee figure not as a cap but as an estimate based on the hours he would likely work on their behalf at the agreed upon rate, that Newman worked on and filed the reply brief at the Lockards' direction and with their consent, and that the Lockards have not paid Newman for services rendered after May 30, 2006, the judgment in Newman's favor is also not clearly erroneous.

---

[1] The Lockards mention that the trial court adopted Newman's proposed findings of fact in their entirety. They do not, however, make any argument in their opening brief that this was in error, and even if they had, it is not error for a trial court to do so. See CBR Event Decorators, Inc. v. Gates, 962 N.E.2d 1276, 1281 (Ind. Ct. App. 2012) (noting that although the trial court is not prohibited from adopting a party's

12

## C. Prejudgment Interest

As part of the judgment for Newman, the trial court awarded prejudgment interest in the total amount of $2,720.53.  The Lockards claim it was error for the trial court to do so, citing Whited v. Whited, 859 N.E.2d 657 (Ind. 2007), for the proposition that damages that are the subject of a good faith dispute do not support an award for prejudgment interest, and Indiana Code section 34-51-4-8 for the proposition that there is a forty-eight month limit on the period for which prejudgment interest can accrue.  The Lockards also dispute the amount of prejudgment interest as calculated by the trial court.

When we review a decision awarding prejudgment interest, we review for an abuse of the trial court's discretion, "focusing on the trial court's threshold determination as to whether the facts satisfy the test for making such an award." Bopp v. Brames, 713 N.E.2d 866, 872 (Ind. Ct. App. 1999), trans. denied.  We may consider only the evidence most favorable to the judgment because the decision to award prejudgment interest rests on a factual determination. Id.  "The crucial factor in determining whether damages in the form of pre-judgment interest are allowable is whether the damages were ascertainable in accordance with fixed rules of evidence and accepted standards of valuation." Hammes v. Frank, 579 N.E.2d 1348, 1357 (Ind. Ct. App. 1991) (citation omitted).  Upon a determination that liability for damages exists, prejudgment interest is proper only where a simple mathematical calculation is required. Id.

Although the Lockards cite Whited's statement of the law correctly with regard to prejudgment interest, the "good faith dispute" to which the case refers means a good faith

---

proposed findings of fact verbatim, it is still responsible for the correctness of the findings), trans. denied.

dispute over the <u>amount</u> of damages, not the <u>existence</u> of damages. Here, the Lockards disputed they owed Newman any damages in the form of additional fees for representing them; they did not dispute the amount of fees he billed. In other words, upon the trial court determining that the Lockards owed Newman additional attorney's fees for work he did on their behalf pursuant to the written fee agreement, the damages were a matter of simply calculating the hours he had worked on their behalf at the rate they had agreed and then assessing prejudgment interest on that amount. Moreover, although Indiana Code section 34-51-4-8 does provide a forty-eight month limitation on the award of prejudgment interest, that is applicable only to damages assessed from a civil action "arising out of tortious conduct." Ind. Code § 34-51-4-1. The statute does not, therefore, limit the prejudgment interest award made pursuant to the contract between the parties here.

The Lockards contend that "they cannot make sense of the pre-judgment interest calculations and total judgment amount . . . ." [Second] Amended Brief of Appellants at 38. Contrary to the Lockards' assertions, the individual components of the award as delineated in the order do add up to the judgment amount.[2] We do agree with the Lockards, however, that the prejudgment interest calculation is inaccurate. The trial court calculated the prejudgment interest from January 1, 2007, to January 25, 2012 – charged pursuant to the February 1, 2007 invoice stating "Interest at a rate of 8% per annum will be assessed effective January 1,

---

[2] The judgment consists of $5,566.28 (fee for legal services provided) + $2,456.53 (interest from January 1, 2007 to August 1, 2011) + $264.00 (interest from August 2, 2011 to January 25, 2012) + $13,269.32 (attorney's fees and costs) = $21,556.13. The Chronological Case Summary erroneously omits the $2,456.53 in prejudgment interest from the date it began accruing to the date of the hearing, but that amount is clearly stated in the order.

14

2007, for all unpaid balances as of February 10, 2007[,]" – as $2,720.53. Our calculation of the prejudgment interest for the same period is somewhat less.[3] We therefore remand to the trial court to either explain its interest calculation or recalculate the interest and amend the judgment accordingly.

### D. Collection Costs

The Lockards also contend the trial court erred in its award of $13,269.32 in collection costs, citing several Trial Rules. However, this case is governed by the fee agreement signed by the parties, pursuant to which the Lockards were responsible for "all costs of collection, including but not limited to: reasonable court costs, attorney's fees, and the cost of a collection agency, if utilized." Plaintiff's Ex. 2 at 1. The Trial Rules cited by the Lockards do not therefore govern the allowable collection costs. See, e.g., Ind. Trial Rule 41(E) (stating court shall enter order dismissing civil case at plaintiff's costs if there is a failure to prosecute for sixty days or to comply with the rules); Chapo v. Jefferson Cnty. Plan Comm'n, 926 N.E.2d 504, 508-09 (Ind. Ct. App. 2010) (stating only filing fees and statutory witness fees are contemplated as "costs" within the meaning of Trial Rule 41(E), not travel expenses, postage, or photocopying costs).

The Lockards also cite Kay v. Ehler, 499 U.S. 432 (1991), among other cases, for the proposition that Newman cannot recover attorney's fees because he was acting as his own attorney during this litigation. Kay was decided in the context of a statutory fee-shifting provision in Civil Rights Act litigation and is inapplicable in this contract case. Id. at 438;

---

[3] Though not binding on the trial court on remand, our calculation of interest is approximately $2,257.00.

15

see also Falcone v. I.R.S., 714 F.2d 646, 646 (6th Cir. 1983) (pro se attorney plaintiff, like other pro se plaintiffs, not entitled to attorney's fees in Freedom of Information Act litigation), cert. denied, 466 U.S. 908 (1984); Miller v. W. Lafayette Cmty. Sch. Corp., 665 N.E.2d 905, 906-07 (Ind. 1996) (likewise under Disabilities Education Act). Indiana follows the American Rule of allocating attorney's fees in which the parties to litigation generally pay their own fees unless there is a rule, statutory authority, or an agreement between the parties to the contrary. Dunno v. Rasmussen, 980 N.E.2d 846, 849-50 (Ind. Ct. App. 2012). Here, there was an agreement providing for attorney's fees to be a cost of collection if a bill was unpaid. Moreover, in Ziobron v. Crawford, 667 N.E.2d 202, 208 (Ind. Ct. App. 1996), trans. denied, we held that an attorney acting pro se in tort litigation was entitled to recover damages in the form of attorney's fees for the time spent in representing himself. Contrary to the Lockards' assertion, Newman is not precluded from recovering attorney's fees simply because he represented himself in this action; had he hired counsel to collect the unpaid fees, he would have been entitled pursuant to the terms of the fee agreement to an award of outside counsel's fees. By representing himself, the time he spent on his own case was time he was unable to spend representing clients.

Although the Lockards now claim that Newman's fees for pursuing collection of the unpaid bill as shown in Exhibit 31 are "inconsistent, outrageous and unreasonable[,]" [Second] Amd. Br. of Appellees at 40, they did not challenge the time expended or fees incurred at trial and cannot do so now. See GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002) ("[A] party may not present an argument or

16

issue to an appellate court unless the party raised that argument or issue to the trial court . . . because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties.").

### III. Post-Judgment Issues

### A. Counterclaim

In 2009, Newman filed a motion to dismiss the Lockards' counterclaim. On March 15, 2012, after the entry of judgment on Newman's complaint, the trial court granted Newman's motion, dismissed the counterclaim with prejudice, and found that the counterclaim was barred because a similar counterclaim had been dismissed with prejudice in the small claims litigation and was therefore frivolous, unreasonable, and groundless and also being litigated in bad faith within the meaning of Indiana Code section 34-52-1-1, thereby entitling Newman to attorney's fees and costs in defending against the counterclaim. The Lockards dispute the trial court's award.[4]

Indiana Code section 34-52-1-1(b) provides that the court may award attorney's fees as part of the cost to the prevailing party if the court finds that either party "brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless" or "litigated the action in bad faith." In order to constitute bad faith under this statute, the

---

[4] Newman contends the Lockards did not include the March 15, 2012, order in their Notice of Appeal and it is therefore not at issue in this appeal. He also states that "he did not pursue collection of the trial court's award of fees" pursuant to this order because his fees with regard to the counterclaim were included in the collection costs award in the original judgment. Brief of Appellee at 29 n.2. Because the disposition of the counterclaim is relevant to the final disposition of the case, because the Notice of Appeal was filed after the order on the counterclaim, and because there is technically an outstanding order for fees notwithstanding Newman's forebearance, we address the issue herein.

17

conduct must be "vexatious and oppressive in the extreme." Neu v. Gibson, 968 N.E.2d 262, 279 (Ind. Ct. App. 2012) (citing St. Joseph's College, et al. v. Morrison, Inc., 158 Ind. App. 272, 302 N.E.2d 865, 871 (1973)), trans. denied.

> A claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. A claim or defense is frivolous if: (a) if it is made primarily for the purpose of harassing or maliciously injuring a person; or (b) if the lawyer does not make a good faith and rational argument on the merits of the action; or (c) if the lawyer does not support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. A claim is groundless only if no facts exist which support a legal claim presented by the losing party.

Lockett v. Hoskins, 960 N.E.2d 850, 853 (Ind. Ct. App. 2012) (citations omitted). We review a trial court's award of attorney's fees pursuant to Indiana Code section 34-52-1-1(b) in three steps: first, we review the trial court's findings of fact under a clearly erroneous standard; second, we review the trial court's legal conclusions de novo; and third, we review the trial court's decision to award fees and the amount thereof for abuse of discretion. Id. at 852-53.

The trial court made no findings of fact for us to review. We disagree with the trial court's conclusion that the counterclaim was barred by the previous dismissal. "The Marion County Small Claims rule for appeals states that when a case is appealed from the small claims court to the superior court the case is tried de novo, with the pleadings essentially beginning anew, and is governed by the rules of the superior court." Martin v. Eggman, 776 N.E.2d 928, 931 (Ind. Ct. App. 2002). Therefore, the Lockards' assertion of a counterclaim

18

was not barred by the earlier dismissal in the small claims court, as the de novo standard allows the litigation to begin anew.

We also disagree with the trial court's conclusions that the counterclaim was groundless, frivolous, unreasonable, and in bad faith. We acknowledge that the Lockards tried to amend their counterclaim shortly before trial, and we acknowledge that they did not prevail on the merits of the counterclaim. We cannot say, however, that the Lockards' counterclaim – or the manner in which they pursued it – was groundless, frivolous, unreasonable, or in bad faith. They simply left the merits of their counterclaim in the trial court's hands, and other than the late attempt at amendment, it does not appear that they in any way harassed or burdened Newman with their counterclaim. The dismissal order itself seems to be unnecessary given that the judgment in Newman's favor basically finds against the Lockards on their counterclaim, though not specifically saying so. Moreover, as Newman himself acknowledges, the collection costs he was awarded as part of the judgment included his fees for his efforts with regard to the counterclaim. Although the trial court did not err in dismissing the counterclaim so as to clarify the record, we hold the trial court's award of attorney's fees pursuant to Indiana Code section 34-52-1-1 attendant to the dismissal was an abuse of discretion, and we therefore reverse the March 15, 2012, order.

## B. Motion to Reconsider

The Lockards filed a motion to reconsider which was not ruled upon until after the Notice of Appeal was due. Leaving aside any procedural issues with the motion and an appeal thereof, we note that the Lockards' entire argument with regard to the motion to

reconsider is that they filed such a motion with the trial court and "would leave all matters in their Motion to Reconsider to this Court's discretion and request any relief afforded." Br. of Appellants at 42. A mere reference to argument made in a pleading to the trial court does not comply with the spirit of Appellate Rule 46(A)(8)(a), which states that the argument section of a brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning." See Paulson v. Centier Bank, 704 N.E.2d 482, 486 n.2 (Ind. Ct. App. 1998), trans. denied. To the extent the motion to reconsider raises issues not otherwise preserved for appeal and considered herein, they are waived.[5]

## C. Appellate Attorney's Fees

Newman contends that he should be awarded appellate attorney's fees both pursuant to his fee agreement with the Lockards as additional collection costs and because their appeal is frivolous. We decline to make such an award on both counts.

We have held herein that Newman was entitled to recover attorney's fees through the date of the judgment as part of his collection costs even though he was a pro se attorney litigant. However, on appeal, he is an ordinary pro se litigant because his license to practice law was suspended for eighteen months by the Indiana Supreme Court as a result of a disciplinary proceeding, effective January 31, 2012. In re Newman, 958 N.E.2d 792, 800 (Ind. 2011). The Notice of Appeal in this case was filed on April 9, 2012, so all of the work Newman has done on this appeal has been done as any other pro se litigant. He is not entitled to earn attorney's fees for work he did on his own behalf while prohibited from acting as an

---

[5] The Lockards elaborated on this issue in their reply brief, but that is not the vehicle for advancing an argument for the first time. See In re Paternity of P.B., 932 N.E.2d 712, 725 n.12 (Ind. Ct. App. 2010).

20

attorney. As discussed above, pro se litigants are not entitled to fees. See Miller, 665 N.E.2d at 906-07.

Newman also argues he is entitled to attorney's fees pursuant to our authority to assess damages on appeal. Indiana Appellate Rule 66(E) provides, in pertinent part, "[t]he Court may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." Our discretion to award damages under this rule, however, is limited "to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). "We must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." Id. "A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious." Helmuth v. Distance Learning Sys. Ind., Inc., 837 N.E.2d 1085, 1094 (Ind. Ct. App. 2005). Even if Newman were not prohibited from recovering attorney's fees, we would not be inclined to use our discretion to assess damages in this case. Any shortcomings in the Lockards' brief were not so significant as to rise to the level of egregiousness, and that they did not prevail on the merits of their contentions does not render them utterly devoid of all plausibility. Newman's request for an award of attorney's fees pursuant to Appellate Rule 66(E) is denied.

## Conclusion

The evidence supports the trial court's findings of fact and the findings support the trial court's judgment in favor of Newman, with the exception of the prejudment interest amount which we remand to the trial court for further consideration. The trial court abused its discretion in ordering attorney's fees to Newman when dismissing the Lockards' counterclaim against him, and we reverse that order in part. Finally, we deny Newman's request for appellate attorney's fees.

Affirmed in part, reversed in part, and remanded.

MAY, J., and PYLE, J., concur.